```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION
```

MARGARITO MIKE REYES,           §
                                §
VS.                             §   CIVIL ACTION NO.4:10-CV-608-Y
                                §
RICK THALER,                    §
Director, T.D.C.J.              §
Correctional Institutions Div.  §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS,
DENYING MOTION FOR EVIDENTIARY HEARING and,
DENYING CERTIFICATE OF APPEALABILITY
(With special instructions to the clerk of Court)

In this action brought by petitioner Margarito Mike Reyes under 28 U.S.C. § 2254 challenging his convictions in the 266th Judicial District Court of Erath County, Texas, for indecency with a child in cause number CR12639 and aggravated sexual assault of a child in cause number CR12640, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.  The pleadings and record;

2.  The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 19, 2011;

3.  The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 25, 2011.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied, for the reasons stated in the magistrate judge's findings and conclusions.

Along with his objections, petitioner Reyes again moves the court for an evidentiary hearing under 28 U.S.C. § 2254(e)(2). But

as the magistrate judge noted in his report, *Cullen v. Pinholster*[1] makes clear that federal habeas review under the deferential 28 U.S.C. § 2254(d)(1) standard applicable to claims adjudicated on the merits in state-court proceedings is limited to the record before the state court.[2] As Reyes's claims in this proceeding were adjudicated on the merits in state court, this Court is limited to the record in existence before the state court:

> [R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court.[3]

As such, Reyes's motion/request for an evidentiary hearing must be denied.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED, and the motion/third request for an evidentiary hearing (doc. 44), is DENIED.

Petitioner Margarito Mike Reyes's petition for writ of habeas corpus is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is

---

[1] 131 S. Ct. 1388 (2011).

[2] *Cullen,* 131 S.Ct. at 1398-1400.

[3] *Id.,* at 1398.

issued under 28 U.S.C. § 2253.[4] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[5] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[6] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[7]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Reyes has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the July 19, 2011, Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated in this order.[8]

Therefore, a certificate of appealability should not issue.

SIGNED October 12, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4] *See* Fed. R. App. P. 22(b).

[5] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[6] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[7] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

[8] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).